# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **DEBRA GAUTHIER** | **CIVIL ACTION NO. 04-2165** |
| -vs- | **JUDGE LITTLE** |
| **JO ANNE BARNHART,** <br> **COMMISSIONER OF SOCIAL SECURITY** | |

## JUDGMENT

Before the court is a report and recommendation of the magistrate recommending that the appeal of Debra Gauthier be denied and dismissed with prejudice. Ms. Gauthier filed a timely objection to the magistrate's report.[1] After full record review, this court adopts the conclusions of the magistrate, but to clarify adds the following reasoning.

Gauthier is a 48-year-old female with a 10th grade education and some beauty school education. She has past relevant work as a housekeeper. Gauthier filed for SSI on 6 June 2001, alleging disability on that date as a result of carpal tunnel syndrome, tendinitis, and diverticulitis. Gauthier's claim was denied and she requested a hearing. Gauthier testified at the hearing on 4 November 2002. On 24 January 2003, the ALJ issued a decision unfavorable to Gauthier. The Appeals Council declined to review the case, and as such the

---

[1] This court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1) (2002); LR 74.1W(B) (2004). The district court is not, however, required to reiterate the findings and conclusions of the magistrate if found to be correct. See Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000); Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

ALJ's decision became final. The magistrate issued a report and recommendation on 3 August 2005. On 23 August 2005, Gauthier filed two objections to the magistrate's report and recommendation.

## I.   OBJECTION 1: FAILURE TO CONSIDER CUMULATIVE EFFECT OF IMPAIRMENTS

First, Gauthier argues that the magistrate erred in failing to overturn the ALJ on the grounds that the ALJ did not consider "Ms. Gauthier's depression, obesity, and irritable bowel syndrome" together with her carpal tunnel syndrome and ankle problems. Pl.'s Objections at 1. Essentially Gauthier argues that, while these three conditions alone are not sufficient to establish disability, they must be considered in conjunction with her other problems in determining whether or not she was disabled.

### A.   Obesity

Upon review of the record, the ALJ did not err in finding that the plaintiff's obesity did not constitute an impairment. Contrary to plaintiff's suggestion, the ALJ does mention obesity on page 3 of the decision. R. at 15. "The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her [obesity such] that she was precluded from engaging in any substantial gainful activity." Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983) (internal citation omitted). Gauthier did not make such a showing. While it is true that the ALJ must consider "any additional and cumulative effects of obesity," the record does not indicate the existence of any such effects. Pl.'s Objections at 3. A diagnosis of impairment without medical evidence to demonstrate

disability would suggest that consideration of the disability caused by this impairment in conjunction with another impairment would be the same as that caused by the other impairment alone. See id. (stating that functional impairment, rather than existence of disability, is relevant information for disability determinations). As such, failure by the ALJ to discuss this disability in detail did not constitute error.

### B. Irritable Bowel Syndrome

In addition, Gauthier argues that the ALJ did not consider her irritable bowel syndrome. The record indicates that there was no evidence to suggest this was a current condition, as noted by the magistrate. R&R at 7. The ALJ therefore did not need to consider the cumulative effect of this condition.

### C. Depression

Gauthier also argues that the ALJ failed to consider her depression and its effect in conjunction with her other impairments. The ALJ's decision, however, indicates that he did consider Gauthier's depression, finding that it "does not prevent her from doing the gainful work noted above." R. at 17.

### D. Conclusion

While the ALJ did not precisely state that he considered the cumulative effect of all existing impairments, the decision contains substantial evidence that the ALJ made such a consideration. Gauthier's contention is without merit.

## II. OBJECTION 2: FAILURE TO CONSIDER ALL IMPAIRMENTS IN RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT

Gauthier argues that the ALJ erred in Step 5 in finding that Gauthier could perform jobs in the national economy. One such job, order clerk, comported with her skill level as well as her impairments. While she did argue that she could not perform this job, Gauthier has not demonstrated that the ALJ's finding does not rest upon substantial evidence.

Accordingly, Gauthier's appeal of the denial of her application for SSI benefits under the Social Security Act is DENIED AND DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

30 September 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE